JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV13-4104-RGK (VBKx) | Date | June 18, 2013 |
|---|---|---|---|
| Title | *Nicholas Tripodi v. Home Depot U.S.A., Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Action to State Court**

On April 30, 2013, Nicholas Tripodi ("Plaintiff") filed a complaint against Home Depot U.S.A., Inc. ("Defendant") in the Los Angeles County Superior Court. Plaintiff alleges five claims arising out of his employment and termination as a cashier by Defendant: (1) Unlawful Discrimination; (2) Retaliation; (3) Hostile Work Environment Harassment; (4) Wrongful Termination; and (5) Unlawful Business Practices.

On June 7, 2013, Defendant removed the action based on diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact "by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). A court may consider punitive damages and emotional distress damages when determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages).

Here, Defendant has not met its burden to establish the threshold amount in controversy. Defendant lists the types of damages Plaintiff alleged in the Complaint–lost wages, emotional distress damages, punitive damages, and attorneys' fees. However, Plaintiff's Complaint does not provide dollar figures for these claims. Defendant first attempts to calculate lost wages, assuming minimum wage at

forty hours per week. But this calculation is speculative because Plaintiff's hours are not provided, and the end date for calculating lost wages is uncertain. Therefore, Plaintiff's lost wages claim does not satisfy the amount in controversy requirement.

      To calculate Plaintiff's remaining claims for damages, Defendant cites a number of cases where juries awarded damages in excess of $75,000 for discrimination and wrongful termination actions. However, it is unclear from the face of the proffered jury verdicts whether their facts are analogous to the facts of the current case. Thus, these verdicts have no predicative value and are speculative at best. Also, Defendant simply asserts that Plaintiff seeks attorneys' fees without providing an estimated total fee award or "summary-judgment-type evidence" of billing rates or estimated total billable hours. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Therefore, the Court cannot ascertain whether the amount in controversy was met. Accordingly, Defendant has failed to demonstrate by a preponderance of the evidence that Plaintiff's combined value of damages exceeds $75,000.

      In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

      **IT IS SO ORDERED.**

                                                                                                :

Initials of Preparer